S. Despertt
Paper No. 82

FOR PUBLICATION IN FULL

## U. S. DEPARTMENT OF COMMERCE
## PATENT AND TRADEMARK OFFICE

Trademark Trial and Appeal Board

The Coach House Restaurant, Inc.
v.
The Coach and Six Restaurants, Inc.

Cancellation No. 13,742

Nicholas L. Coch and Anderson, Russell, Kill & Olick, P.C. for The Coach House Restaurant, Inc.

Brownstein Zeidman and Schomer for The Coach and Six Restaurants, Inc.

Before Rooney, Simms and Seeherman, Members.

Opinion by Rooney, Member:

The Coach House Restaurant, Inc. has petitioned to cancel the registration of the mark shown below[1] for restaurant services (Restaurant disclaimed).

_____

[1] Registration No. 1,184,213 issued December 29, 1981 to The Coach and Six Restaurants, Inc. for restaurant services. Respondent failed to file an affidavit under Section 8 of the statute and the registration is scheduled to be cancelled in due course. Nonetheless, since this case has proceeded to final hearing and inasmuch as respondent has filed a new application to register its mark, the Board has made a determination of the petition to cancel on the merits.

F154

The grounds for cancellation are that since 1952, petitioner has used a design of a "coach and six horses" as a service mark for its restaurant services, which mark has become distinctive of those services; that, as a result of petitioner's advertising and promotion of its restaurant services identified by the design mark and the favorable critical acclaim in newspapers and magazines for the services rendered by petitioner under the mark, those services have acquired an extensive and favorable reputation and the public has come to recognize the design mark as exclusively identifying petitioner's restaurant services; that the design mark achieved secondary meaning prior to April 1, 1962 as symbolizing petitioner's services; that the subject registration should be cancelled because it was obtained by the filing of a false declaration containing willful false statements inasmuch as respondent's president knew at the time she executed the declaration that petitioner was the prior user of the design mark; that petitioner has the right to continue using the mark and that respondent's use has caused and will continue to cause the trade and the public to believe that there is an association between petitioner and respondent.

Respondent has denied the material allegations of the petition and has affirmatively pleaded that the design portion of respondent's mark is the legal equivalent of the word portion; that petitioner has acquiesced in respondent's long use of the mark shown in the registration and is estopped from objecting to

2

the registration of the mark shown in the subject registration; that petitioner had actual knowledge of respondent's use of the mark and failed to object; that, if petitioner does have any rights in the design mark, such rights are geographically limited; that petitioner has abandoned any such rights through licensing and assignment in gross; that petitioner has waived any right to object to respondent's use and registration of the mark; and that petitioner has suffered no damage within the meaning of the Act.

The record consists of the subject registration, copies of portions of numerous publications and portions of the discovery deposition of Mrs. Beverlee Shere, filed by petitioner under its notices of reliance, petitioner's response to respondent's first set of interrogatories, first set of requests for admissions and second set of requests for production and the discovery deposition of Mr. Leon Lianides filed by respondent under a notice of reliance and testimony depositions with exhibits on behalf of each party. No oral hearing was held. Both parties filed briefs.

Mr. Leon Lianides, petitioner's president, has been in the restaurant business at 110 Waverly Place, New York City, since November 1949. At that time, the restaurant was known as Lane Restaurant and was run by Mr. Lianides and a Mr. Michael Anthony. Mr. Lianides bought Mr. Anthony's share of the restaurant in 1953. The name was changed to The Coach House (hereinafter House) and the "coach and six horses" design was then adopted and has been used as its logo in conjunction with the name, The Coach House,

since then.  The restaurant has been very successful and is very
well known through its reputation, its advertising and promotion
and articles written about it.

The owner of a building in Atlanta, Georgia, expressed an
interest in opening another such restaurant in Atlanta.  Although
it is not clear who suggested what to whom, a corporation was
formed in June of 1961 and a restaurant was opened at 1776
Peachtree Street, N.W. in Atlanta by Mr. Lianides, Mr. James
Lamont and Mr. Harold Soloff.  The Atlanta restaurant was to be
called The Carriage House but, when it was discovered that there
was already a restaurant in Atlanta by that name, it was decided
to call it The Coach and Six Restaurant (hereinafter Six).
Because they were under-financed and could not afford the expense
of a new logo, Mr. Lianides suggested that the "coach and six
horses design" which House was using in New York be used by Six.
According to Mr. Lianides, it was to be used until another logo
could be procured by Six.  Six opened in April 1962.

Mr. Lianides was the guiding force in setting up the new
restaurant, training the personnel, including the cook, and
designing the menu as well as the restaurant decor.  He resigned
from the Board of Directors in September 1963 but remained a
shareholder until 1968 when he sold his interest to Mr. Soloff.[2]
However, although no longer connected with Six, Mr. Lianides
continued to be consulted and to act as an advisor to Mr. Soloff

---

[2] Mr. Lamont had previously sold his interest in the restaurant
to Mr. Soloff.

4

until Mr. Soloff died in September 1974. Since that time, Mr. Soloff's widow, now Mrs. Shere, has owned and operated the restaurant in Atlanta.

The "coach and six horses" design has been continuously used by Six since April of 1962 on the building, menus, advertisements and on promotional items. There was some crossover advertising in the form of references to House in Six's menus, in matchbooks and in a framed article from Gourmet magazine hanging in Six's lobby.

Although Mr. Lianides testified that he spoke to Mr. Soloff before his death suggesting that Coach's name be eliminated from the matchbooks and that the Gourmet magazine article be taken down, Mr. Soloff indicated he would like to continue their use. Mr. Lianides then told Mr. Soloff that he would have to be more alert in the quality and consistency of the operation. (Lianides discovery deposition, p. 23). When asked if the request had been repeated, Mr. Lianides testified that the quality improved after Mrs. Shere took over and Mr. Lianides did not pursue it. No formal objection to use of the logo was made until April of 1982 when Mr. Coch, attorney for petitioner, wrote to Mrs. Shere.

The design in question has been used by petitioner for 35 years. There is no evidence of its use by petitioner except in conjunction with the name The Coach House. While there is extensive evidence of the fame of petitioner's restaurant, none of that evidence indicates that there is any recognition of the logo

5

apart from the name, and all of the articles about the restaurant or about Mr. Lianides refer to The Coach House or The Coach House Restaurant. None mentions the "coach and six horses" logo.

By the same token, respondent has used the "coach and six horses" design in connection with the name The Coach and Six Restaurant for 26 years. It also has been the subject of extensive advertising, has been written about in numerous articles and has received a number of awards.[3]

Prior to the close of discovery, respondent moved for summary judgment on the affirmative defenses of laches and acquiescence. Respondent's acquiescence defense was found to be well taken and partial summary judgment was granted on that issue leaving the remaining issues of likelihood of confusion and fraud to be determined. See The Coach House Restaurant, Inc. v. The Coach and Six Restaurants, Inc., 223 USPQ 176 (TTAB 1984). It was noted that, under case law, the defense of acquiescence does not preclude a judgment for plaintiff after trial if it is determined that confusion is inevitable between the subject marks [Iodent Chemical Company v. Dart Drug Corporation, 207 USPQ 602 (TTAB 1980) and States Steamship Co. v. States Marine International, Inc., 183 USPQ 561 (TTAB 1974)]. Member Allen (since retired) concurred in finding that there was acquiescence but, expressing

---

[3] Petitioner submitted, under a notice of reliance, a negative review of luncheon at The Coach and Six appearing in a monthly publication called Knife and Fork dated June 1987. Considered in light of the other evidence of record, one disgruntled diner does not change 26 years of what otherwise appears to be an excellent reputation.

his opinion that, based on the facts established by respondent's moving papers, this case should not be treated as an exception to the application of the equitable principle of acquiescence, Mr. Allen would have granted total summary judgment and dismissed the petition for cancellation.

In view of the finding that petitioner acquiesced in respondent's use of the "coach and six horses" design, with which we quite agree, we turn to the remaining issues of likelihood of confusion and fraud.

Petitioner asserts that, not only is there a likelihood of confusion, but there has been actual confusion. Examples are cited of patrons who, while at The Coach House Restaurant in New York, have remarked to Mr. Lianides that they don't see him anymore in Atlanta and "why don't you send somebody to show them how to make the black bean soup taste like this...". In view of Mr. Lianides' actual connection with Six in the past and his continued availability for advice after the formal connection was severed, it is doubtful that these comments could be equated to a classic actual confusion situation. It appears, rather, that these patrons assumed a continuance of an actual affiliation because of certain items on the menu or because they had seen Mr. Lianides at the Atlanta restaurant. But, however that may be, the evidence fails to show that use of the "coach and six horses" logo contributed in any way to these inquiries.

While there is no evidence that petitioner has used the logo separately from the name of the restaurant, it is clearly a

separable element which we must compare with respondent's mark in order to determine the question of likelihood of confusion. There is no doubt that the logo asserted by petitioner is identical to that used by respondent. However, it is the registered mark, which includes the word mark The Coach and Six Restaurant, which is at issue. Comparing the registered mark to the design mark asserted by petitioner, we cannot say that confusion between the two is inevitable. See In re Appetito Provisions Co., 3 USPQ2d 1553 (TTAB 1987) where it was emphasized that where marks comprise words and a design, the word portion may be given more weight in determining likelihood of confusion because it is more often the words which are employed in referring to the goods or services and this is particularly true in relation to restaurant services where persons are encouraged to try a new restaurant based on word-of-mouth recommendations.

In view of the foregoing, and since the Board has previously determined that petitioner acquiesced in respondent's use of the logo, we find that petitioner is estopped by its own acquiescence from seeking to cancel respondent's registration.

Finally, on the question of fraud, petitioner argues in its brief that at the time the application for registration was filed respondent knew of petitioner's use of the logo in combination with the name The Coach House since long prior to the opening of Six and that respondent did not advise the Patent and Trademark Office of petitioner's rights in and use of the logo.

Respondent's position is that it applied to register the composite mark as shown in the registration, and, as to that mark, Mrs. Shere had a valid basis for her belief that "no other person, corporation or association has the right to use said mark in commerce,..."

This statement in the application oath was not inconsistent with respondent's knowledge of petitioner's contemporaneous use of the "coach and six horses" design with the name of its own restaurant, The Coach House, in view of the many years in which respondent had employed the design as part of its own mark with petitioner's knowledge and acquiescence. Moreover, as respondent has indicated, the oath was taken in connection with the composite, not as to the design alone, and respondent had every reason to believe that the statement was true as made in connection therewith.

We find, therefore, that petitioner's claim of fraud is without merit.

Accordingly, the petition for cancellation is dismissed.

L. E. Rooney

R. L. Simms

E. J. Seeherman
Members, Trademark
Trial and Appeal Board

NOV 9 1988